UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT TOWING & SALVAGE CO., INC., ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1331**<br>    **c/w 21-1390,**<br>    **21-1953, 24-501** |
| **M/V JALMA TOPIC,**<br>    **Defendant** | **SECTION: "E" (2)** |

*Applies to: All cases*

## ORDER AND REASONS

Before the Court is a motion to re-open limitation action, consolidate cases, and re-establish limitation injunction (the "Motion") filed by Crescent Towing and Salvage Co., Inc. ("Crescent") and Cooper Mooring, Inc. ("Cooper") (collectively, the "Movants").[1] Lotina Navigation Company and Marfin Management S.A.M. (the "Limitation Petitioners") filed a memorandum in support of the Motion.[2] Claimant Gawain Schouest opposed the Motion.[3] The Movants[4] and the Limitation Petitioners[5] filed replies.

Because Crescent and Cooper are "claimants" under the Limitation of Liability Act and have not consented to stipulations that adequately protect the Limitation Petitioners' rights to limitation, the Movants' Motion is **GRANTED**.

---

[1] R. Doc. 154. Unless otherwise noted, all references are to documents filed in Civil Action No. 21-1331.
[2] R. Doc. 158.
[3] R. Doc. 159.
[4] R. Doc. 160.
[5] R. Doc. 161.

## BACKGROUND

This case arises from the July 12, 2021, allision involving the M/V JALMA TOPIC.[6] On that day, the M/V JALMA TOPIC was traveling up the Mississippi River near New Orleans when its rudder stuck to port, causing it to allide with a barge and dock structure owned by Crescent, along with several small boats owned by Cooper, situated on the west bank of the river.[7] On July 13, 2021, Crescent and Cooper filed the present action against the M/V JALMA TOPIC *in rem* pursuant to Supplemental Admiralty Rule C arrest.[8] On July 22, 2021, the Limitation Petitioners, which are the owner and managing owner of the M/V JALMA TOPIC, filed a verified complaint in limitation pursuant to Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure (the "Limitation Action").[9] On July 28, 2021, the Court approved the Limitation Petitioners' stipulation for value, directed issuance of notice to claimants, and stayed all actions against the Limitation Petitioners and the M/V JALMA TOPIC arising from the allision.[10]

On September 8, 2023, all claimants in the Limitation Action settled their claims with the Limitation Petitioners except for Claimant Gawain Schouest,[11] who at the time of the allision was employed by Cooper as a port captain.[12] Schouest moved the Court to dissolve the injunction, stay the Limitation Action, and allow him to proceed in state court,[13] subject to certain protective stipulations, which provided he would not seek or enforce any judgment against the Limitation Petitioners exceeding the value of the

---

[6] R. Doc. 62 at p. 3.
[7] *Id.*
[8] R. Doc. 1.
[9] R. Doc. 1 (*In re Lotina Navigation Co., et al.*, Case No. 21-1390).
[10] R. Doc. 7 (21-1390).
[11] *See* R. Doc. 129.
[12] R. Doc. 27-1 at 2.
[13] R. Doc. 130.

2

limitation fund.[14] Finding the stipulations adequately protected the Limitation Petitioners' rights, the Court granted Schouest's motion and allowed him to pursue claims in state court under the "single claimant rule."[15]

On October 6, 2023, Schouest filed a petition in Louisiana state court against Crescent, Cooper, and the Limitation Petitioners (the "Schouest Action").[16] After being named as defendants in the Schouest Action, Crescent and Cooper requested permission to lift the stay and amend their claims against the Limitation Petitioners and the limitation fund to include contribution, indemnity, and recovery related to their liability arising from the Schouest Action.[17] On February 7, 2024, the Court reopened the Limitation Action for the limited purpose of allowing Crescent and Cooper to file their amended claims.[18] Crescent and Cooper have not signed or otherwise agreed to be bound by Schouest's stipulations.[19]

Limitation Petitioner Marfin Management S.A.M. noticed removal of the Schouest Action to federal court on February 27, 2024.[20] While proceeding in this Court, Schouest filed a motion to remand the Schouest Action to state court[21] and the Movants filed a motion for summary judgment on Schouest's seaman status under the Jones Act.[22] Subsequently, the Movants filed the instant motion in the Limitation Action, requesting that the Court reopen the Limitation Action, consolidate the Schouest and Limitation Actions, and reinstate the limitation injunction.[23]

---

[14] R. Doc. 130-3.
[15] R. Doc. 135. A "single claimant" may proceed in state court. *See Langnes v. Green*, 282 U.S. 531 (1931).
[16] R. Doc. 1-6 at pp. 7-10 (*Schouest v. Lotina Navigation Co., et al.*, Case No. 24-501).
[17] R. Doc. 136.
[18] R. Doc. 152; R. Doc. 153.
[19] *See* R. Doc. 154 at p. 2.
[20] R. Doc. 1 (24-501).
[21] R. Doc. 22 (24-501).
[22] R. Doc. 21 (24-501)
[23] R. Doc. 154.

3

## **LAW AND ANALYSIS**

The Limitation of Liability Act (the "Limitation Act") establishes "exclusive federal jurisdiction"[24] to allow a vessel owner to limit liability for damages arising from a maritime accident to "the value of the vessel and pending freight."[25] "A shipowner's right to limitation, however, is cabined by the 'saving to suitors' clause."[26] While the Limitation Act grants exclusive federal jurisdiction to limit the liability of a vessel owner, the savings to suitors clause "evinces a preference for jury trials and common law remedies in the forum of the claimants choice."[27] While tension exists between the Limitation Act and the savings to suitors clause, "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."[28]

Acknowledging "the well-known tension"[29] between the Limitation Act and the savings to suitors clause, the Fifth Circuit has recognized two instances in which a district court must allow a state court action to proceed outside of a limitation action:

> (1) [W]hen the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[30]

---

[24] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 453 (2001).
[25] 46 U.S.C. § 30505(a).
[26] *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).
[27] *Id.*; *see also Lewis & Clark Marine*, 531 U.S. at 448 ("One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court.").
[28] *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).
[29] *In re Bertucci Contracting Co.*, 544 F. App'x 308, 317 n.8 (5th Cir. 2013) (citing *Odeco Oil and Gas*, 74 F.3d at 674).
[30] *Odeco Oil and Gas*, 74 F.3d at 674.

In either situation, permitting an action to proceed in state court is contingent on "protecting the 'absolute' right of the shipowner to limit his or her liability."[31]

In this case, the Movants and the Limitation Petitioners urge the Court to reopen the Limitation Action and reinstate the injunction prohibiting claims from being filed outside of the Limitation Action for two reasons.[32] First, the Movants' amended claims for contribution and indemnity caused the Limitation Action to revert to a "multiple claimant situation," under which "[t]he single claimant exception is no longer applicable."[33] Second, "[i]n a multiple claimant limitation proceeding, *all claimants* must agree to the required stipulations protecting the limitation petitioners' rights to have the issue of limitation of liability determined in the limitation proceeding," and the Movants affirmatively object to any such stipulations.[34]

In opposition, Schouest argues the Limitation Action should not be reopened and the limitation injunction should not be reinstated.[35] Schouest claims the Limitation Petitioners "are not exposed to potential liability more than the limitation fund because the quantum of damages at stake through Claimant [Schouest]'s personal injury claims and Crescent/Cooper's tort contribution claims do not exceed" the value of the limitation fund.[36] To support this assertion, Schouest filed supplemental stipulations which "stipulate[] that the amount of his damages is within the limitation fund cap and that he will not seek to enforce a judgment or recovery against any person or entity in an amount

---

[31] *Id.*
[32] R. Doc. 154-1; R. Doc. 158.
[33] R. Doc. 158 at p. 3; R. Doc. 154-1 at p. 2 (citing *Lewis & Clark Marine*, 531 U.S. 438; *Langnes*, 282 U.S. 531).
[34] R. Doc. 158 at p. 5; R. Doc. 154-1 at pp. 2-3.
[35] R. Doc. 159.
[36] *Id.* at p. 4.

5

exceeding the value of the limitation fund."[37] Schouest further contends that the stay of the Limitation Action should be maintained because the stipulations adequately protect the Limitation Petitioners.[38]

In reply, the Movants and the Limitation Petitioners cite Fifth Circuit precedent, which requires "'*all claimants* [to] sign the stipulation protecting the shipowner's rights under the Limitation Act' [in order] to proceed in state court."[39] The Limitation Petitioners contend Schouest's "unilateral stipulations" without the agreement of Crescent and Cooper "do not provide the necessary protections for the Limitation Petitioners and fail to meet the mandatory requirements to lift the stay in this multiple claimant limitation proceeding."[40]

The Court agrees that Crescent and Cooper's indemnity and contribution claims jeopardize the Limitation Petitioners' statutory right to limited liability, as parties seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act.[41] Further, "[i]n order for claims to proceed in state court after an exoneration or limitation action has been filed in federal court, *all claimants* must sign a stipulation protecting the vessel owners rights under the Limitation Act."[42] Crescent and Cooper have "never joined in the Stipulations of Schouest for the protection of the Limitation Petitioners at any

---

[37] *Id.* at p. 5 (citing Schouest's Supplemental Stipulations, R. Doc. 159-1).
[38] *Id.* at pp. 5-9.
[39] R. Doc. 160; R. Doc. 161 (citing *Odeco Oil and Gas*, 74 F.3d at 675).
[40] R. Doc. 161 at p. 1.
[41] *See Odeco Oil and Gas*, 74 F.3d at 675 ("[P]arties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act."); *see also In re Marquette Transp. Co. Gulf-Inland, LLC*, 13-5114, 2014 WL 5795200, at *1-2 (E.D. La. Oct. 22, 2014) (recognizing that a party "seeking indemnity and contribution" from a vessel owner was a "claimant" within the meaning of the Limitation Act); *In re Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 316 (5th Cir. 1995) (recognizing that "a 'claimant' in this context includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees"); *In re ADM/Growmark River System, Inc.*, 234 F.3d 881, 886 (5th Cir. 2000) (recognizing that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act") (citing *Odeco Oil and Gas*, 74 F.3d at 675).
[42] *See In re ADM/Growmark River System, Inc.*, 234 F.3d at 885–86 (emphasis in original).

time."[43] Thus, Crescent and Cooper are "claimants" under the Limitation Act who have not stipulated to the conditions necessary to safeguard the Limitation Petitioners' right to limitation.

Because Crescent and Cooper have not filed the necessary stipulations, the Court must reinstate the stay to protect the Limitation Petitioners' "absolute" right to limit their liability.[44]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Crescent and Cooper's motion to re-open limitation action, consolidate, and re-establish limitation injunction is **GRANTED**.[45]

**IT IS FURTHER ORDERED** that the matter captioned *Schouest v. Lotina Navigation Co., et al.* (Case No. 24-501) is hereby **CONSOLIDATED** with the above-captioned consolidated matters. Pursuant to the Court's directive, all pleadings hereafter filed in this consolidated proceeding shall bear the caption of the consolidated cases set forth above, together with the docket number of all cases within the consolidation to which the document applies or the notation "Applies to: All Cases" if it applies to all cases.

**IT IS FURTHER ORDERED** that Gawain Schouest's Motion to Remand is **DENIED AS MOOT**.[46]

---

[43] R. Doc. 160 at p. 3.
[44] *See In re Marquette Transp. Co. Gulf-Inland, LLC*, 2014 WL 5795200, at *3; *In re Complaint of Port Arthur Towing Co.*, 42 F.3d at 316; *Lewis & Clark Marine*, 531 U.S. at 454 ("If the district court concludes that the vessel owner's right to limitation will not be adequately protected-where for example a group of claimants cannot agree on appropriate stipulations . . . the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.").
[45] R. Doc. 154.
[46] R. Doc. 22 (24-501).

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against the Limitation Petitioners, their officers, their underwriters, and/or against the M/V JALMA TOPIC, her officers, crew and underwriters, or against any employee or property of the Limitation Petitioners except in this action, to recover damages for or in respect of any losses, damages, injuries, or deaths occasioned or incurred as a result of the voyage of the M/V JALMA TOPIC that began at the port of Veracruz, Mexico, on July 9, 2021, and terminated at anchor in the Mississippi River near Mile 93 AHP on July 21, 2021, are hereby restrained, stayed, and enjoined until the hearing and determination of this action.

**New Orleans, Louisiana, this 17th day of May, 2024.**

                                                **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**